**UNITED STATES v. UNITED STATES SAVINGS & LOAN LEAGUE.**

No. 389–48.

United States District Court
District of Columbia.

April 19, 1949.

Alexander M. Campbell, Assistant Attorney General, George Morris Fay, United States Attorney for the District of Columbia, Benjamin F. Pollack, Attorney, U. S. Department of Justice, Arthur B. Caldwell, Attorney, U. S. Department of Justice, Washington D. C., for plaintiff.

Horace Russell, Chicago, Illinois, Abner H. Ferguson, Washington, D. C., for defendant.

CURRAN, District Judge.

The defendant in the above entitled cause, the United States Savings and Loan League, is charged in an indictment containing three counts, the first count of which alleges a violation of Section 305 of the Federal Regulation of Lobbying Act, 2 U. S.C.A. § 264, and counts two and three charging violations of Section 308 of the Federal Regulation of Lobbying Act, 2 U. S.C.A. § 267. The defendant has filed a motion to dismiss the indictment on the grounds that the three counts of the indictment do not charge a violation of the Act and further that the first and third counts are duplicitous.

Section 305 of the Act provides as follows:

"(a) Every person receiving any contributions or expending any money for the purposes designated in subparagraph (a) or (b) of section 307 shall file with the Clerk between the first and tenth day of each calendar quarter, a statement containing complete as of the day next preceding the date of filing—

"(1) the name and address of each person who has made a contribution of $500 or more not mentioned in the preceding report filed pursuant to this title shall contain the name and address of each person who has made any contribution of $500 or more to such person since the effective date of this title;

"(2) the total sum of the contributions made to or for such person during the calendar year and not stated under paragraph (1);

"(3) the total sum of all contributions made to or for such person during the calendar year;

"(4) the name and address of each person to whom an expenditure in one or more items of the aggregate amount or value, within the calendar year, of $10 or more has been made by or on behalf of such person, and the amount, date, and purpose of such expenditure;

"(5) the total sum of all expenditures made by or on behalf of such person during the calendar year and not stated under paragraph (4);

"(6) the total sum of expenditures made by or on behalf of such person during the calendar year.

"(b) The statements required to be filed by subsection (a) shall be cumulative during the calendar year to which they relate, but where there has been no change in an item reported in a previous statement only the amount need be carried forward."

Section 307 of the Act, 2 U.S.C.A. § 266, provides as follows:

"The provisions of this title shall apply to any person (except a political committee as defined in the Federal Corrupt Practices Act, and duly organized State or local committees of a political party), who by himself, or through any agent or employee or other persons in any manner whatsoever, directly or indirectly, solicits, collects, or receives money or any other thing of value to be used principally to aid, or the principal purpose of which person is to aid, in the accomplishment of any of the following purposes:

"(a) The passage or defeat of any legislation by the Congress of the United States.

"(b) To influence, directly or indirectly, the passage or defeat of any legislation by the Congress of the United States."

Count One of the indictment alleges: (1) that the League is a corporation of Illinois with its principal office in Chicago and a branch office in Washington; (2) that it is a trade organization of 3600 members and 59 state organizations; (3) that since August 2, 1946 the principal purpose of the League has been to aid in the passage or defeat of legislation; (4) that since August 2, 1946 the League has solicited, collected and received money for the uses mentioned in the aforementioned (3); (5) that the League has received contributions and expended substantial sums for the purpose of the aforementioned (3); (6) that between the 1st and 10th day of October, 1946, and thereafter to the date of the return of the indictment, the League has failed to file with the Clerk of the House of Representatives a statement setting forth the information required by Section 305 of the Act.

This language clearly charges that the League violated the Act every time it failed to file a quarterly report between October 10, 1946 and March 31st, 1948. During this period, under the Act, there should have been filed quarterly reports in October 1946, January 1947, April 1947, July 1947, October 1947 and January 1948. The failure to file any one of these reports would constitute a single separate offense and during the period from October 10, 1946 to March 31, 1948 there would have been six failures to file reports and, therefore, six separate offenses committed.

Rule 7(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., provides:

"The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged."

■ It is required, however, that the charge be set forth with such particularity as will reasonably indicate the exact offense which the accused is alleged to have committed and which will enable him intelligently to prepare his defense and, if found guilty, to plead his conviction in a subsequent prosecution for the same offense. A vague, general and indefinite description of the alleged crime is insufficient. The averments must be such as clearly to designate, not only the particular kind of offense, but the specific criminal act for which the accused is to answer. They must be so definite and certain that the defendant is able to ascertain from the charge itself what he is called upon to answer, to prepare his defense and to get his witnesses to meet the charge, and, if necessary, to plead the judgment on such charge as a bar to a second prosecution for the same offense. The charge must be stated with as much certainty as the circumstances of the case will permit and an indictment or count thereof which may apply to one of several definite offenses, without specifying which, is fatally defective. The true test is not whether the indictment could possibly be made more definite and certain but whether it contains every element of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet, and whether, in case other criminal proceedings are taken against him later, based on the same matters, the record shows with accuracy to what extent he may plead a former acquittal or conviction in bar of the later proceedings. 27 Am. Jur. 624.

■ The indictment must particularly describe the offense and fully apprise the accused of its nature and with sufficient particularity to distinguish it from other similar offenses, but it is sufficient if by a reasonable and fair construction it alleges every essential element to make out the crime, and it advises the Court and the accused beyond doubt as to the offense sought to be charged. It is sufficient if its meaning is plain, and a person of ordinary intelligence could not be misled as to the nature of the charge, and if the averments are sufficient to enable the defendant to prepare his defense and to plead the judgment in bar of a second prosecution for the same offense. 9 Cyc. of Fed. Pro. 2d Ed. 250.

■ The crime here does not consist of collecting and expending money but in not reporting it and it need not be reported unless it is collected or expended for the purpose of accomplishing or influencing the passage or defeat of legislation. The crux of the offense is in the failure to report and it follows, therefore, that the allegation that the League failed to report must be made in such language as definitely to charge that the League violated the requirements of the statute. In what particular has the defendant League violated Section 305? Does Count One charge the defendant with violating all six provisions of Section 305 or any one particular provision? The allegation that "said defendant League has received contributions and expended substantial sums of money" is meaningless. Such allegation is vague and indefinite for it does not sufficiently apprise the defendant League of what it must be prepared to meet. For instance, does Count One charge that the defendant League has received and expended money for the purposes designated in sub-paragraph (a) or (b) of Section 307 and has failed to file a statement

containing "the name and address of each person who has made a contribution of $500 or more * * *" or "the name and address of each person to whom an expenditure in one or more items of the aggregate amount or value, within the calendar year, of $10 or more has been made by or on behalf of such person, and the amount, date, and purpose of such expenditure?" The allegation that the defendant "received and expended substantial sums of money" does not satisfy the requirement of the statute that a statement is required to be filed of contributions of $500 or more and expenditures of $10 or more, as required under Section 305(a).

The allegations of Count One are too vague, indefinite and uncertain to constitute a valid charge against this defendant.

Section 308(a) of the Act provides, in part, as follows:

"Any person who shall engage himself for pay or for any consideration for the purpose of attempting to influence the passage or defeat of any legislation by the Congress of the United States shall, before doing anything in furtherance of such object, register with the Clerk of the House of Representatives and the Secretary of the Senate and shall give to those officers in writing and under oath, his name and business address, the name and address of the persons by whom he is employed, and in whose interest he appears or works, the duration of such employment, how much he is paid and is to receive, by whom he is paid or is to be paid, how much he is to be paid for expenses, and what expenses are to be included."

■ Count Two charges that the defendant League "has engaged itself for pay and for other consideration for the purpose of attempting to influence the passage of legislation by Congress and has failed to register with the Clerk of the House of Representatives, as required by Section 308 of the Act." There is no allegation in this count that the League did a single thing under the alleged employment. The question arises—can one be guilty of a crime for failure to register even though he agrees to perform services and had received

pay if, in fact, he never does perform such service? Section 308 provides that he is required to register "before doing anything in furtherance of such object." Nowhere in the Second Count is there an allegation that the defendant did anything "in furtherance of such object." A person does not violate the statute until after failing to register, he does something in furtherance of the "purpose of attempting to influence the passage or defeat of any legislation by the Congress of the United States." Therefore, the crime created by Section 308 is actually the doing of some act or the performance of some service pursuant to the employment without registering, and there being no allegation in Count Two that the League did anything in this alleged employment, there is no crime charged.

Section 308(a) of the Act also provides, in part, as follows:

"Each such person so registering shall, between the first and tenth day of each calendar quarter, so long as his activity continues, file with the Clerk and Secretary a detailed report under oath of all money received and expended by him during the preceding calendar quarter in carrying on his work; to whom paid; for what purposes; and the names of any papers, periodicals, magazines, or other publications in which he has caused to be published any articles or editorials; and the proposed legislation he is employed to support or oppose."

■ This particular part of Section 308 (a) places a duty to file quarterly reports upon "each such person so registering." There is no allegation in the indictment that this defendant ever registered. Until that time he does not violate the above mentioned part of Section 308(a) by failure to file a report. Such report not being required unless there has been a registration, no crime is charged in Count Three.

It follows, therefore, that Count One being bad for vagueness, indefiniteness and uncertainty, and that Counts Two and Three having failed to charge an offense under the Act, the motion to dismiss must be granted. Counsel for the defense will prepare the appropriate order.